4. EVIDENCE, § 465*—*when positive testimony is stronger than negative testimony.* The negative testimony of witnesses that they heard no gong sounded is unavailing against the clear and positive testimony that the gong was sounded, in an action to recover for defendant's alleged negligence in the operation of its street car.

### Gertrude L. Emerson, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 21,983.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed February 9, 1917.

### Statement of the Case.

Action by Gertrude L. Emerson, plaintiff, against Chicago City Railway Company, defendant, to recover damages for injuries sustained by plaintiff while alighting from defendant's street car in which she was a passenger. From a judgment for plaintiff for $5,000, defendant appeals.

The declaration charged negligence by defendant in starting the car while plaintiff was attempting to alight therefrom, and in permitting a metal strip on the rear step of the car to be in a loose and unsafe condition whereby the heel of plaintiff's shoe was caught under it, causing her to be thrown therefrom into the street.

JOHN E. KEHOE and CHARLES LE ROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

F. A. DENISON and JOHN L. McINERNEY, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 476*—*when evidence sufficient to show negligence in maintenance and operation of street car.* In an action to recover damages for injuries sustained while alighting from a street car, evidence *held* sufficient to sustain the findings of the jury both as to defendant's negligence in starting the car while plaintiff was attempting to alight therefrom and in permitting a metal strip on the step to be in a loose and unsafe condition.

2. EVIDENCE, § 108*—*when evidence of experiment is admissible.* In an action to recover damages for injuries sustained while alighting from a street car, where a witness testified that right after the accident he had put his heel on the step of the car to see if it would catch on the plate, as plaintiff claimed her injury had been caused, and that it did, *held* that such circumstance was not so dissimilar from plaintiff's as described as to make such evidence repugnant to the rule against allowing proof of experiments, and that the judgment would not be disturbed on account of the admission of such evidence.

3. DAMAGES, § 124*—*when verdict for personal injuries is excessive.* In an action by a woman to recover damages for personal injuries, where it appeared that her leg was fractured, that she suffered considerable pain and was laid up for six months, *held* that a verdict and judgment for $5,000 should be reduced by $1,000.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.